IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CV-533-FL

| | |
|---|---|
| KATHRYN D. JOHNSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM P. BARR, Attorney General of )<br>the United States Department of Justice, )<br>)<br>Defendant. ) | ORDER |

This matter is before the court on defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (DE 21) and plaintiff's motion for an extension of time to respond (DE 32). Although the time for briefing has not yet expired, for efficient administration of the case, the court finds that the issues are capable of review. For the following reasons, defendant's motion for summary judgment is denied without prejudice, and plaintiff's motion for an extension of time to respond is denied as moot.

## BACKGROUND

Plaintiff, a former Special Agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), commenced this action pro se on November 22, 2019, alleging discrimination and retaliation on the basis of sex, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"). Plaintiff seeks compensatory damages, reinstatement, back pay, lost benefits, costs and attorneys' fees.

On June 29, 2020, defendant moved for summary judgment on plaintiff's claims. In support, defendant relies upon declarations of Ernesto Diaz and Timothy Sloan, plaintiff's former ATF supervisors. Defendant also relies up excerpts of an administrative record of proceedings before defendant and the United States Equal Employment Opportunity Commission (EEOC), pertaining to plaintiff's claims of discrimination and retaliation. On October 20, 2020, plaintiff moved for a fourth extension of time to respond to defendant's motion.

## COURT'S DISCUSSION

Under the circumstances of this case, the court finds defendant's motion for summary judgment to be premature, where defendant has not responded to plaintiff's complaint, and the parties have not commenced discovery. See Fed. R. Civ. P. 56(d); Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996) ("As a general rule, summary judgment is appropriate only after 'adequate time for discovery.'") (quotation omitted); Rosenfeld v. Dep't of Army, 769 F.2d 237, 243 (4th Cir. 1985) ("Prior administrative findings may or may not be considered evidence by the federal courts in a de novo review [of a discrimination claim], and evidence previously presented may be taken into account, but the [EEOC's] findings are not preclusive and the district court must independently determine whether any genuine issue of material fact exists.").

Accordingly, the court in its discretion denies without prejudice defendant's motion for summary judgment. Defendant may file a renewed motion for consideration in the context of a more developed record, after the parties have had adequate opportunity for discovery.

## CONCLUSION

Based on the foregoing, defendant's motion for summary judgment (DE 21) is DENIED WITHOUT PREJUDICE, and plaintiff's motion for an extension of time to respond (DE 32) is

DENIED AS MOOT.  Defendant is DIRECTED to respond to plaintiff's complaint not later than **November 12, 2020**.

SO ORDERED, this the 29th day of October, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge